BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General,
Tax Litigation Branch

CHRISTIAN MEJIA (NY SBN: 5641352)
Trial Attorney, Tax Litigation Branch
U.S. Department of Justice, Civil Division
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:    (202) 305-7548
Fax:          (202) 307-0054
E-mail:       Christian.Mejia@usdoj.gov

*Counsel for the United States*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| United States of America, | |
| Plaintiff, | Case No. 5:25-cv-01157 |
| *v.* | **COMPLAINT TO REDUCE CIVIL PENALTY ASSESSMENTS TO JUDGMENT** |
| Joseph Lam, | |
| Defendant. | |

The United States of America brings this action to reduce to judgment and collect unpaid federal civil penalty assessments and interest as provided by law. Additionally, the United States intends to use all appropriate pre-judgment remedies, post-judgment remedies, and additional surcharges as authorized by the Federal Debt Collection Practices Act (28 U.S.C. § 3001 *et seq.*) to collect any judgment it obtains in this action. In support of this action, the United States alleges as follows:

**INTRODUCTION**

1.      This is a timely civil action to collect the unpaid civil penalty assessments, made pursuant to 31 U.S.C. § 5321(a)(5), against Joseph Lam. These penalties, commonly known as "FBAR

Complaint                                          1

penalties," arise from Mr. Lam's non-willful failure to report his financial interest in, or signature or other authority over, foreign bank, securities, or other financial accounts for calendar years 2011 through 2015, as required under 31 U.S.C. § 5314 and the implementing regulations thereunder.

2.    The United States brings this action with the authorization of the Secretary of the Treasury (*see* 31 U.S.C. § 3711(g)(4)(C)) and at the direction of the Attorney General of the United States.

### DEFENDANT

3.    Defendant Joseph Lam resides in Santa Clara County, California.

4.    Mr. Lam is a United States citizen and was a United States citizen during the time periods relevant to the civil penalties at issue in this action.

### JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355 because this case arises under a federal statute, the United States is a plaintiff, and this action seeks the recovery or enforcement of civil penalties.

6.    Venue properly lies in the Northern District of California under 28 U.S.C. §§ 1391(b)(1) and 1395(a) because Mr. Lam resides and is found within this judicial district and because Mr. Lam's omissions that gave rise to the civil penalties at issue were made while he resided in this judicial district.

### DIVISIONAL ASSIGNMENT

7.    This case should be assigned to the San Jose Division in accordance with Civil L.R. 3-2(c) & (e) because it arises in Santa Clara County.

### FBAR REPORTING REQUIREMENTS

8.    Federal law requires every resident or citizen of the United States who has a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country to report that relationship to the Internal Revenue Service for each year the relationship exists. *See* 31 U.S.C. § 5314(a); 31 C.F.R. § 1010.350(a).

9.    To fulfill this requirement, each such United States resident or citizen must file with the IRS a "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR," for each year in which such relationship exists.  The proper form to report FBAR information was Treasury Form

Complaint                                          2

TD F 90-22.1 for calendar years 2011 and 2012.  The proper form to report FBAR information was FinCEN Form 114 for calendar years 2013 through 2015.

10.     For calendar years 2011 through 2015, an FBAR was due no later than June 30 of the subsequent calendar year for any calendar year in which the aggregate balance of the foreign financial accounts exceeded $10,000.  *See* 31 C.F.R. § 1010.306(c).

11.     Any United States resident or citizen who is required to comply with the FBAR reporting requirements, but fails to do so, may be subject to a civil penalty.  For non-willful violations of the reporting requirement, a penalty of up to $10,000 may be imposed for each violation.  31 U.S.C. § 5321; *see also Bittner v. United States*, 598 U.S. 85, 103-04 (2023) (explaining the penalty is calculated on a per-report basis as opposed to a per-account basis).

12.     This FBAR penalty is subject to interest and additional penalties or other additions under 31 U.S.C. § 3717.

### MR. LAM AND MR. LAM'S FOREIGN ACCOUNTS

13.     Mr. Lam is a naturalized United States citizen who was born in Hong Kong but has lived in the United States for over fifty years.

14.     Mr. Lam is the Chief Executive Officer, Secretary, and Chief Financial Officer for Silk Road Enterprises, Inc., a direct marking consulting firm.  He is also the Chief Executive Officer for Global Fundraising Alliance, Inc., a marketing consulting firm.

15.     Mr. Lam is the President and/or Chief Executive Officer of World Children's Fund, Medical Mission International, and Nora Lam Chinese Ministries, three United States-based non-profit organizations.  These three organizations operate in part through over twenty foreign organizations in Austria, Switzerland, Czech Republic, Great Britan, Italy, Netherlands, and Hong Kong.  Mr. Lam was involved with most of these foreign organizations.  Each of these foreign organizations had several foreign financial accounts during the time periods relevant to the civil penalties at issue in this action.

16.     Mr. Lam had a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country, for each of the accounts in the calendar years identified below ("Foreign Accounts"):

Complaint                                          3

| Foreign Financial Institution | Account # (last four digits) | Year(s) |
|---|---|---|
| ABN AMRO Bank N.V. | 0482 | 2011, 2012, 2013, 2014, 2015 |
| ABN AMRO Bank N.V. | 7083 | 2011, 2012, 2013, 2014, 2015 |
| ABN AMRO Bank N.V. | 7091 | 2011, 2012, 2013, 2014, 2015 |
| ABN AMRO Bank N.V. | 7105 | 2011, 2012, 2013, 2014, 2015 |
| BAWAG P.S.K. | 0500 | 2011, 2012, 2013, 2014, 2015 |
| BAWAG P.S.K. | 0833 | 2011, 2012, 2013, 2014, 2015 |
| BAWAG P.S.K. | 7200 | 2011, 2012, 2013, 2014, 2015 |
| BAWAG P.S.K. | 7983 | 2011, 2012, 2013, 2014, 2015 |
| BAWAG P.S.K. | 7990 | 2011, 2012, 2013, 2014, 2015 |
| BAWAG P.S.K. | 7976 | 2011, 2012, 2013, 2014, 2015 |
| BAWAG P.S.K. | 8600 | 2011, 2012, 2013, 2014, 2015 |
| BEA Autopay | 8000 | 2011, 2012, 2013, 2014, 2015 |
| BEA Sav | 5663 | 2011, 2012, 2013, 2014, 2015 |
| BNB Paribas S.A. | 0878 | 2011, 2012, 2013, 2014, 2015 |
| BNB Paribas S.A. | 1178 | 2011, 2012, 2013, 2014, 2015 |
| BNB Paribas S.A. | 1478 | 2011, 2012, 2013, 2014, 2015 |
| BNB Paribas S.A. | 4994 | 2011, 2012, 2013, 2014, 2015 |
| BNB Paribas S.A. | 5594 | 2011, 2012, 2013, 2014, 2015 |
| BNB Paribas S.A. | 5894 | 2011, 2012, 2013, 2014, 2015 |
| BNB Paribas (Suisse) SA | 0001 | 2011 |
| BNB Paribas (Suisse) SA | 0002 | 2011 |
| BNB Paribas Fortis SA/NV | 5012 | 2011, 2012, 2013, 2014, 2015 |
| BNB Paribas Fortis SA/NV | 5020 | 2011, 2012, 2013, 2014, 2015 |
| Banca Nazionale del Lavoro S.p.A. | 4726 | 2011, 2012, 2013, 2014, 2015 |
| Banca Prossima S.p.A. | 9575 | 2011, 2012, 2013, 2014, 2015 |
| Banca Prossima S.p.A. | 9588 | 2011, 2012, 2013, 2014, 2015 |
| Banco Posta Poste Italiane S.p.A. | 0903 | 2011, 2012, 2013, 2014, 2015 |
| Banco Posta Poste Italiane S.p.A. | 1764 | 2011, 2012, 2013, 2014, 2015 |
| Banco Posta Poste Italiane S.p.A. | 3190 | 2011, 2012, 2013, 2014, 2015 |
| Banco Posta Poste Italiane S.p.A. | 3224 | 2011, 2012, 2013, 2014, 2015 |
| Banco Posta Poste Italiane S.p.A. | 7374 | 2011, 2012, 2013, 2014, 2015 |
| Ceskoslovenska obchodni banka, a.s. | 0253 | 2011, 2012, 2013, 2014, 2015 |
| Ceskoslovenska obchodni banka, a.s. | 7033 | 2011, 2012, 2013, 2014, 2015 |
| Ceskoslovenska obchodni banka, a.s. | 7113 | 2011, 2012, 2013, 2014, 2015 |
| Ceskoslovenska obchodni banka, a.s. | 7383 | 2011, 2012, 2013, 2014, 2015 |
| Deutsche PostBank AG | 3500 | 2011, 2012, 2013, 2014 |
| Deutsche PostBank AG | 8507 | 2011, 2012, 2013, 2014 |
| Fortis Bank SA/NV | 0057 | 2011, 2012, 2013, 2014, 2015 |
| Fortis Bank SA/NV | 1123 | 2011, 2012, 2013, 2014, 2015 |
| Fortis Bank SA/NV | 4101 | 2011, 2012, 2013, 2014, 2015 |
| Fortis Bank SA/NV | 4102 | 2011, 2012, 2013, 2014, 2015 |
| Fortis Bank SA/NV | 4447 | 2011, 2012, 2013, 2014, 2015 |
| Hang Seng Bank (HSB) | 2001 | 2011, 2012, 2013, 2014, 2015 |
| Hang Seng Bank (HSB) | 2002 | 2011, 2012, 2013, 2014, 2015 |
| Hang Seng Bank (HSB) | 8046 | 2011, 2012, 2013, 2014, 2015 |

Complaint                                    4

| Foreign Financial Institution | Account # (last four digits) | Year(s) |
|---|---|---|
| Hang Seng Bank (HSB) | 8047 | 2011, 2012, 2013, 2014, 2015 |
| Hang Seng Bank (HSB) | 8050 | 2011, 2012, 2013, 2014, 2015 |
| Hang Seng Bank (HSB) | 9001 | 2011, 2012, 2013, 2014, 2015 |
| Hang Seng Bank (HSB) | 9003 | 2011, 2012, 2013, 2014, 2015 |
| Hang Seng Bank (HSB) | 9004 | 2011, 2012, 2013, 2014, 2015 |
| Hang Seng Bank (HSB) | 9006 | 2011, 2012, 2013, 2014, 2015 |
| Hang Seng Bank Savings | 3203 | 2011, 2012, 2013, 2014, 2015 |
| Hang Seng Bank Savings | 3765 | 2011, 2012, 2013, 2014, 2015 |
| HSBC Bank plc | 9113 | 2011, 2012, 2013, 2014, 2015 |
| HSBC Bank plc | 9121 | 2011, 2012, 2013, 2014, 2015 |
| HSBC Bank plc | 9156 | 2011, 2012, 2013, 2014, 2015 |
| HSBC Bank plc | 9172 | 2011, 2012, 2013, 2014, 2015 |
| HSBC Bank plc | 9180 | 2011, 2012, 2013, 2014, 2015 |
| HSBC Bank plc | 9199 | 2011, 2012, 2013, 2014, 2015 |
| HSBC Bank plc | 9202 | 2011, 2012, 2013, 2014, 2015 |
| HSBC Bank plc | 9210 | 2011, 2012, 2013, 2014, 2015 |
| Raiffeisenbank a.s. | 2804 | 2011, 2012, 2013, 2014, 2015 |
| Raiffeisenbank a.s. | 3585 | 2011, 2012, 2013, 2014, 2015 |
| Raiffeisenbank a.s. | 4718 | 2011, 2012, 2013, 2014, 2015 |
| Raiffeisenbank a.s. | 4726 | 2011, 2012, 2013, 2014, 2015 |
| SNS Bank N.V. | 1863 | 2011, 2012, 2013, 2014, 2015 |
| SNS Bank N.V. | 5184 | 2011, 2012, 2013, 2014, 2015 |
| SNS Bank N.V. | 5680 | 2011, 2012, 2013, 2014, 2015 |
| SNS Bank N.V. | 6423 | 2011, 2012, 2013, 2014, 2015 |
| SNS Bank N.V. | 7459 | 2011, 2012, 2013, 2014, 2015 |
| SNS Bank N.V. | 7742 | 2011, 2012, 2013, 2014, 2015 |
| SNS Bank N.V. | 9508 | 2011, 2012, 2013, 2014, 2015 |
| Swiss Post – PostFinance | 1809 | 2011, 2012 |
| Swiss Post – PostFinance | 3986 | 2011, 2012 |
| Swiss Post – PostFinance | 4455 | 2011, 2012 |
| Swiss Post – PostFinance | 6480 | 2011, 2012 |
| Swiss Post – PostFinance | 6838 | 2011, 2012 |
| Swiss Post – PostFinance | 9032 | 2011, 2012 |
| Swiss Post – PostFinance | 9421 | 2011, 2012 |
| Zuger Kantonalbank | 0205 | 2011 |

17. For each of the calendar years at issue, the aggregate balance of the Foreign Accounts described in paragraph 16, above, exceeded $10,000 in U.S. currency.

18. Mr. Lam had signature or other authority over the Foreign Accounts described in paragraph 16, above.

Complaint                                    5

19.    Therefore, Mr. Lam was required by law to file FBARs for calendar years 2011 through 2015.

20.    Mr. Lam did not file timely FBARs for calendar years 2011 through 2015.

21.    Mr. Lam did not file timely FBARs disclosing the Foreign Accounts described in paragraph 16, above, for calendar years 2011 through 2015.

22.    Mr. Lam did not file timely FBARs identifying the number of accounts in which he had signature or other authority over a bank, securities, or other financial account in a foreign country, for calendar years 2011 through 2015.

23.    Mr. Lam was required to report on a Schedule B, attached to his Form 1040, U.S. Individual Income Tax Return, for tax years 2011 through 2015, his financial interest in, or signature or other authority over, a financial account in a foreign county for calendar years 2011 through 2015.

24.    Mr. Lam did not disclose the Foreign Accounts described in paragraph 16, above, on his Forms 1040, U.S. Individual Income Tax Return, he filed with the IRS, for tax years 2011 through 2015.

25.    Mr. Lam obtained tax return preparation services, through Tim Kehl, CPA, to prepare his Forms 1040, U.S. Individual Income Tax Return, for tax years 2011 through 2015.

26.    Mr. Lam did not disclose to his tax return preparer that he had signature authority or other authority over the Foreign Accounts described in paragraph 16, above, for tax years 2011 through 2015.

27.    In 2017, the IRS opened an examination regarding Mr. Lam's Forms 1040 for tax years 2011 through 2015.  Prior to this income tax examination, Mr. Lam never sought advice from his CPA, Tim Kehl, or anyone else about the need to report his signature or other authority over the Foreign Accounts described in paragraph 16, above.

### COUNT ONE: REDUCE FBAR PENALTY ASSESSMENTS TO JUDGMENT

*Liabilities for Civil Penalties*

28.    The United States incorporates by reference the allegations in paragraphs 1 through 27.

29.    During calendar years 2011 through 2015, Mr. Lam was a United States person within the meaning of 31 C.F.R. § 1010.350(b).

30.    During calendar years 2011 through 2015, the Foreign Accounts described in paragraph 16, above, were bank, securities, or other financial accounts within the meaning of 31 C.F.R. § 1010.350(c).

31.    During calendar years 2011 through 2015, Mr. Lam had a financial interest in, or signature or other authority over, the bank, securities, or other financial accounts described in paragraphs 16, above, within the meaning of 31 C.F.R. § 1010.350(e) or (f).

32.    The Foreign Accounts were bank, securities, or other financial accounts in a foreign country.

33.    During each of the calendar years 2011 through 2015, the aggregate balance of the Foreign Accounts exceeded $10,000 in U.S. currency.

34.    Mr. Lam did not file timely FBARs to report his financial interest in, or signature or other authority over, the Foreign Accounts, for calendar years 2011 through 2015, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c).

35.    Mr. Lam did not file timely FBARs to identify the number of accounts he had a financial interest in, or signature or other authority over, in a foreign country, for calendar years 2011 through 2015, as required by 31 U.S.C. § 5314, 31 C.F.R. § 1010.306(c), and 31 C.F.R. § 1010.350(g)(2).

***Statutes of Limitation***

36.    The statute of limitations for assessment of an FBAR penalty is six years from the date of the violation.  31 U.S.C. § 5321(b)(1).

37.    Mr. Lam was required to file FBARs for calendar years 2011 through 2015 by June 30, 2012, June 30, 2013, June 30, 2014, June 30, 2015, and June 30, 2016, respectively.  Therefore, the statutes of limitations for assessing FBAR penalties for calendar years 2011 through 2015, without any extensions, would have expired on June 30, 2018, June 30, 2019, June 30, 2020, June 30, 2021, and June 30, 2022, respectively.

38.    On or about March 14, 2018, Mr. Lam consented to extend the statute of limitations for the assessment of FBAR penalties for calendar years 2011 and 2012 to December 31, 2019.

39.    On or about March 29, 2019, Mr. Lam consented to extend the statute of limitations for the assessment of FBAR penalties for calendar years 2011, 2012, and 2013 to December 31, 2021.

Complaint                                                7

40. On or about January 22, 2021, Mr. Lam consented to extend the statute of limitations for the assessment of FBAR penalties for calendar year 2014 to December 31, 2021.

41. On or about July 3, 2021, Mr. Lam consented to extend the statute of limitations for the assessment of FBAR penalties for calendar years 2011, 2012, 2013, 2014, and 2015 to December 31, 2022.

42. On or about October 28, 2022, Mr. Lam consented to extend the statute of limitations for the assessment of FBAR penalties for calendar years 2011, 2012, 2013, 2014, and 2015 to December 31, 2023.

43. On or about April 27, 2023, Mr. Lam consented to extend the statute of limitations for the assessment of FBAR penalties for calendar years 2011, 2012, 2013, 2014, and 2015 to December 31, 2024.

44. The assessments were timely made on February 9, 2024, and this action is thus timely commenced within two years of that date.  31 U.S.C. § 5321(b)(2).

***Assessment and Collection***

45. On February 9, 2024, a delegate of the Secretary of the Treasury timely assessed civil penalties against Mr. Lam due to Mr. Lam's non-willful failure to timely file FBARs with the IRS for calendar years 2011 through 2015 in the amount of $10,000 per year ("FBAR Penalties").

46. The FBAR Penalties totaled $50,000.

47. A delegate of the Secretary of Treasury sent a notice of the assessments and demand for payment to Mr. Lam for the FBAR Penalties at his last known address.

48. Despite the notice and demand for payment, Mr. Lam failed to pay the full amount of the FBAR Penalties.

49. In addition to the FBAR Penalties, Mr. Lam owes late-payment penalties pursuant to 31 U.S.C. § 3717(e)(2), interest pursuant to 31 U.S.C. § 3717(a), and any applicable collection related fees pursuant to 31 U.S.C. § 3717(e)(1).

50. As of February 4, 2026, the unpaid balance owed to the United States by Mr. Lam for the FBAR Penalties, the late-payment penalties, applicable fees, and interest, less any payments, was $59,767.10.

Complaint                                     8

51.     The United States is entitled to a judgment against Mr. Lam in the amount of $59,767.10, as of February 4, 2026, plus pre-judgment and post-judgment statutory accruals as provided by 31 U.S.C. §§ 3717(a), (e), and 28 U.S.C. § 1961, from the date of judgment until paid in full.

WHEREFORE, the United States respectfully requests that the Court grant the following relief:

A.     That this Court enter judgment against Joseph Lam and in favor of the United States in the amount of $59,767.10 as of February 4, 2026, for the penalties assessed against him under 31 U.S.C. § 5321(a)(5), plus further pre-judgment and post-judgment statutory accruals as provided by 31 U.S.C. §§ 3717(a), (e), and 28 U.S.C. § 1961, from the date of judgment until paid in full; and

B.     That this Court grant the United States its costs incurred in connection with this action and such other further relief as the Court deems just and proper.

Dated: February 6, 2026.

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General,
Tax Litigation Branch

/s/ Christian Mejia
CHRISTIAN MEJIA
Trial Attorney, Tax Litigation Branch
U.S. Department of Justice, Civil Division

*Counsel for the United States*

Complaint                                    9